UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: _____

JEFFREY MERSCH,

    Plaintiff,

v.

ALL STARS PREMIUM
SPORTSWEAR, LLC, a foreign
limited liability company, and
JEFFERY WATSON, JR.,
individually,

    Defendants.
_____/

# **COMPLAINT AND DEMAND FOR A JURY TRIAL**

Plaintiff, JEFFREY MERSCH ("Mersch"), files suit against Defendant, ALL STARS PREMIUM SPORTSWEAR, LLC, a foreign limited liability company ("All Stars Premium"), and Defendant, JEFFERY WATSON, JR., individually ("Watson"), and states:

1. Mersch, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this District.

4. At all times material hereto, Mersch was *sui juris*, over 18 years of age, competent, was a resident of this judicial district and an employee of the Defendants.

5. At all times material hereto, All Stars Premium is a foreign limited liability company with its principal place of business located at 533 Newtown Road, Suite 101, Virginia Beach, Virginia 23462, and operated a store at 1900 Tamiami Trail N, Naples, Florida 34102.

6. At all times material hereto, Watson was *sui juris*, over 18 years of age, competent, a resident of this judicial district, and the sole and authorized member of All Stars Premium.

7. This is the proper venue because All Stars Premium operated the store where Mersch worked in Naples, Collier County, Florida.

8. At all times material hereto, All Stars Premium and Watson were the employer of Mersch and is conducting business in this judicial district and is otherwise an "employer" un the FLSA.

9. At all times material hereto, Watson, individually, acted directly in the interests of his employer, Watson, in relation to Mersch, and Watson exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of All Stars Premium, and is otherwise an "employer" under the FLSA.

10. At all times material hereto, All Stars Premium and Watson were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, Mersch was "engaged in commerce" within the meaning of the FLSA.

12. All Stars Premium and Bains have been at all times material engaged in interstate commerce, and All Stars Premium's and Watson's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

13. Mersch was hired as a non-exempt employee by All Stars Premium and Watson.

14. All Star Premium's and Watson's work week began on Wednesdays and ended on the following Tuesdays.

15. During his employment, Mersch worked the following hours during the two-week pay period in the month of December 2022:

- Wednesday, December 14, 2022: 10:00 AM to 9:00 PM (11.0 hours);

- Thursday, December 15, 2022: 10:00 AM to 9:00 PM (11.0 hours);

- Friday, December 16, 2022: 10:00 AM to 2:00 PM (4.0 hours);

- Saturday, December 17, 2022: 9:30 AM to 2:00 PM (4.5 hours);

- Tuesday, December 20, 2022: 10:00 AM to 9:00 PM (11.0 hours);

- Wednesday, December 21, 2022: 10:00 AM to 9:00 PM (11.0 hours);

- Thursday, December 22, 2022: 10:00 AM to 9:00 PM (11.0 hours); and

- Friday, December 23, 2022: 10:00 AM to 2:00 PM (4.0 hours).

16. Mersch also worked an additional 2.7 hours total beyond is scheduled hours during this two-week pay period, which lead into the holiday season.

17. Mersch's total hours worked during the work period in December 2023 is 70.20 hours.

18. Mersch's pay rate was $23.00 per hour.

19. During the two-week pay period of December 14, 2022, through December 27, 2022, where Mersch worked a total of 70.20 hours, All Stars Premium and Watson should have paid Mersch $1,614.60 in wages. Mersch was not paid the wages he earned at all.

20. During the same two-week pay period of December 14, 2022, through December 27, 2022, based on store sales, Mersch had also earned a bonus of $600.00. All Stars Premium and Watson should have paid Mersch the $600.00 he earned based on store sales. Mersch was not paid the bonus he earned at all.

21. Mersch is owed a total of $1,614.60 in unpaid wages and $600.00 in an unpaid bonus. Mersch was not paid at all.

22. Despite Mersch's repeated requests for his earned wages and earned bonus, All Stars Premium and Watson has intentionally *not* paid Mersch, claiming that they – All Stars Premium and Watson – could withhold Mersch's wages and bonus because Mersch was arrested and charged with grand theft.

## COUNT I

## FLSA – ALL STARS PREMIUM SPORTSWEAR, LLC

23. Mersch re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. Mersch is entitled to his hourly rates for each hour worked *and* the earned bonus based on store sales pursuant to the FLSA.

25. By reason of the intentional, willful and unlawful withholding of Mersch's wages and bonus by All Stars Premium, in violation of the FLSA, Mersch has suffered damages.

WHEREFORE, Mersch demands judgment against All Stars Premium for all damages and relief under the FLSA, including actual damages, liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II

## FLSA – JEFFERY WATSON, JR.

26. Mersch re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

27. Mersch is entitled to his hourly wages for each hour worked and his earned bonus pursuant to the FLSA.

28. By reason of the intentional, willful and unlawful withholding of Mersch's wages and bonus by Watson, in violation of the FLSA, Mersch has suffered damages.

WHEREFORE, Mersch demands judgment against Watson for all damages and relief under the FLSA, including actual damages, liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mersch hereby demands a trial by jury.

Dated: November 12, 2024.

/s/ *Wendell Locke*

Wendell Locke, Esq., For the Firm
Florida Bar No. 119260
wendell@lockefirm.com

**LOCKE LAW, P.A.**
Attorneys for Plaintiff, Jeffrey Mersch
8201 Peters Road
Suite 1000
Plantation, Florida 33324
954.382.8858 office
954.827.0998 facsimile
LEAD COUNSEL